Philip G. Mitchell (No. 010374)
JENNINGS, HAUG & CUNNINGHAM, LLP
2800 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-1049
602-234-7800

Attorneys for Trustee Mark A. Roberts

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 Proceeding |
|---|---|
| SWEETWATER CHURCH OF THE VALLEY, INC., | Case No.: 2:03-bk-22427-GBN |
| Debtor | **MOTION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO POSTPETITION LEASE** |

MARK A. ROBERTS (the "Trustee"), the court appointed Chapter 11 Trustee for the bankruptcy estate of Sweetwater Church of the Valley (the "Debtor") hereby moves this court for an order pursuant to 11 U.S.C. §§ 363(b) and (m) authorizing the lease of real and personal property of the Debtor's estate. In support of this motion, the Trustee states:

1. On December 29, 2003, the Debtor filed its Voluntary Petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. By Order dated April 26, 2004, the Trustee was appointed to administer the Debtor's bankruptcy estate. The Trustee exercises the powers of the Debtor in Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This motion is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. The statutory basis for the relief requested herein is 11 U.S.C. §§ 363(b) and 363(m).

6. By this motion, the Trustee requests authority to enter into a Lease Agreement (the "Lease Agreement") with the Air Academy High School d/b/a John Glenn Academy (the "Proposed Tenant"). A true and correct copy of the Lease Agreement is attached hereto.

7. The Lease Agreement proposes to lease to the Proposed Tenant those certain buildings and approximately five (5) acres of land south of the driveway/roadway at 14240 North 43rd Avenue, Glendale, Arizona, 85306 (collectively, the "Leased Premises").

8. The Trustee and Proposed Tenant entered into a Lease Agreement dated May 21, 2004.

9. Pursuant to the Lease Agreement Section 20.23, the Lease Agreement, is *inter alia*, subject to approval of this bankruptcy court before the Lease Agreement is final or binding on either the Trustee or the Proposed Tenant.

10. The Lease Agreement proposes to lease to the Proposed Tenant approximately one-half of the real property that comprises the estate real property located at 14240 North 43rd Avenue, Glendale, Maricopa County, Arizona. The Leased Property has previously been leased to Charter School operators. It has previously been deemed suitable for that intended purpose.

11. The Proposed Tenant proposes to use the Leased Premises for the operation of a Charter School tentatively identified as the John Glenn Academy.

12. Since his appointment as Trustee, Mr. Roberts has negotiated actively with the Proposed Tenant for a lease of the Leased Premises on commercially reasonable terms. Both the Trustee and the Proposed Tenant have entered into the Lease Agreement at arms length. Subject to the Proposed Tenant's ability to obtain an appropriate certificate of occupancy, as well as an affirmative approval from the Arizona State Board of Charter Schools, the Proposed Tenant will pay to the estate lease rental in the sum of Twenty-nine Thousand Dollars ($29,000.00) per month for the first three (3) years of the term of the

Lease. Thereafter the rent will be adjusted upwards for years four (4) through seven (7) of the Lease. During the term of the Lease, the Proposed Tenant will be responsible for the payment of all taxes, insurance, maintenance and upkeep as set forth in the Lease.

13. The Trustee believes in his best business judgment that approval of the Lease Agreement is in the best interest of creditors and the estate. Absent entry of a commercial lease of a portion of the premises of the Debtor's estate, the Debtor has no other income except voluntary tithing by the church congregation. Currently the estate is tithing at a rate of between $1,500.00 and $2,000.00 per week. This amount of revenue is insufficient to sustain the cost of keeping and maintaining the entire leasehold premises as well as make payments on the secured debt. A commercial lease of all or part of the Debtor estate is necessary for an effective reorganization of this estate.

14. The Bankruptcy Code provides that the "Trustee, after notice and hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." *11 U.S.C. § 363(b)(1).*

15. The decision to sell or lease property of the estate is to be based upon the reasonable business judgment of the estate representative. In re Lionel Corp., 722 F.2d, 1063, 1070 (2d Cir. 1983); In re Continental Airlines, Inc., 780 F.2d, 1223, 1226 (5th Cir. 1986).

16. The court should approve the Trustee's business judgment if the Trustee has articulated business justifications for the proposed transaction. In re Walter, 83 Bankr. 14, 16 (9th Cir. Bankr. 1988)

17. The Trustee believes in his best business judgment that approval of the Lease Agreement of the Leased Property is in the best interest of creditors and the estate. The Trustee has reviewed similar leased transactions and consulted with disinterested real estate professionals with regard to the proposed lease terms. The Trustee believes that the Lease Agreement provides for compensation to the estate at a fair value. The estate currently is subject to two delinquent secured transactions and the estate does not currently maintain sufficient cash flow to service that debt. Based on preliminary information available to the Trustee, the total estate property may hold substantial equity; however, the

estate must take immediate action to preserve that equity in light of the substantial delinquent secured debt subject to liens recorded against the estate property.

18. The Trustee seeks authority to lease the estate's interest in approximately one-half of the real property and the buildings located thereon for purposes of establishing a status quo and allowing the Trustee an appropriate opportunity to examine alternatives available to otherwise properly administer this estate for the benefit of parties in interest.

19. Sections 363(b) and 363(m) of the Bankruptcy Code provides the Trustee with authority, upon court approval, to enter into the Leases of estate property.

Based on the foregoing, the Trustee requests that the court enter its order approving the Lease Agreement entered into by and between the Trustee and the Proposed Tenant on May 21, 2004.

DATED this 26th day of May, 2004.

JENNINGS, HAUG & CUNNINGHAM, LLP

Philip G. Mitchell
Attorneys for the Trustee

COPY of the foregoing was filed
electronically this 26th day of May, 2004.

and copies of the foregoing were
mailed this 26th day of May, 2004,
to:

Larry Watson, U.S. Trustee
Office of the United States Trustee
P.O. Box 36170
Phoenix, AZ 85067-6170

Dennis Wortman
Dennis J. Wortman, P.C.
2700 N. Central Avenue, #850
Phoenix, AZ 85004
Attorney for the Debtor

| | |
|---|---|
| 1 | J. Michael Tracy<br>Chairman of the Board of |
| 2 | Sweetwater Church of the Valley<br>14240 N. 43rd Avenue |
| 3 | Glendale, AZ 85306<br>Debtor |
| 4 | |
| 5 | James Cross, Esq.<br>Osborn Maledon, P.A. |
| 6 | Suite 2100<br>2929 N. Central Avenue |
| 7 | Phoenix, AZ 85012<br>Secured Creditor ABS School Services, L.L.C. |
| 8 | Lisa S. Kass, Esq.<br>Poli & Ball, PLC |
| 9 | 2999 N. 44th Street, Suite 500<br>Phoenix, AZ 85018 |
| 10 | Attorney for Secured Creditor Bank One, NA |
| 11 | |
| 12 | /s/Andrina Hughes |

3504/0004