**IT IS SO ORDERED.**

Dated: June 15, 2004



_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>SWEETWATER CHURCH OF THE VALLEY, INC.,<br><br>Debtor. | In proceedings under Chapter 11<br><br>Case No. 2-03-bk-22427-GBN<br><br>**ORDER AUTHORIZING TRUSTEE'S MOTION FOR ORDER TO ENTER INTO POST-PETITION LEASE** |

This matter comes before the Court on a <u>Motion for Order Authorizing Trustee to Enter into Post-Petition Lease</u> (the "Motion") filed by Mark A. Roberts (the "Trustee"), the court-appointed Chapter 11 Trustee for the bankruptcy estate of Sweetwater Church of the Valley (the "Debtor"). Pursuant to Order dated May 27, 2004, this Court set an accelerated hearing on the Motion. After proper notice and opportunity for hearing, there was one objection filed by ABS School Service, LLC ("ABS"). Pursuant to the objection filed by ABS, ABS claimed a junior secured lien claim in and against the proposed property to be leased pursuant to the Trustee's Motion.

Based on applicable law, the arguments of counsel before the Court and being advised of the premises, this Court finds and concludes:

1. This Court has jurisdiction over the Trustee's Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Pursuant to 11 U.S.C. § 363(b)(1), the Trustee after notice and hearing may lease property of the Estate, other than in the ordinary course of business.

5. The decision to lease property of the Estate is to be based upon the reasonable business judgment of the Estate representative. *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Circ.) (1983); *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Circ.) (1986).

6. The Trustee has articulated business justifications for the proposed transaction and, as such, the Court should approve the Trustee's business judgment. *In re Walter*, 83 Bk 14, 16 (Bankr. 9th Circ.) (1988).

7. Notice and hearing on the Trustee's Motion was provided as required pursuant to 11 U.S.C. § 102.

8. Approval of the Trustee's Motion does not constitute a *sub rosa* plan of reorganization. *In re Work Recovery, Inc.*, 202 Bankr. 301 (Bk Az) (1996).

9. Prior to entry of this Court's Order the proposed tenant agreed on the record to waive its requirement for the landlord's execution and delivery to the proposed tenant of an Attornment and Non-Disturbance Agreement from the estates' secured lenders.

10. For the purposes of the Trustee's Motion there was no evidence of inadequate protection of ABS' secured interests, if any, in the Property.

Based on the foregoing:

**IT IS ORDERED** approving the <u>Motion for Order Authorizing Trustee to Enter into Post-Petition Lease</u>.

**IT IS FURTHER ORDERED** overruling the objection filed by ABS.

**IT IS FURTHER ORDERED** approving that Lease entered into on May 31, 2004, by and between Mark A. Roberts, as the Chapter 11 Trustee for the Sweetwater Church of the Valley bankruptcy estate as "Landlord" and Air Academy High School dba John Glenn Academy, an Arizona corporation as "Tenant" as modified so that § 19.1 of the Lease is herewith ordered stricken from the Lease by agreement of the proposed Tenant and the Trustee entered in open court on June 9, 2004.

. . .

IT IS FURTHER ORDERED that the Trustee may take all such steps as may be reasonably necessary to effectuate the Lease.

DATED this _____ day of June, 2004.

_____
THE HONORABLE GEORGE B. NIELSEN, JR.
JUDGE, U.S. BANKRUPTCY COURT

APPROVED AS TO FORM AND CONTENT:

*/s/ Alan K. Hyde*
_____
Alan K. Hyde, Esq.
Attorney for proposed Tenant

3504-4

**GRANTED**